FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 27, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANELLE B., | NO:  2:23-CV-12-RMP |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT, without oral argument, are briefs from Plaintiff Danelle B.[1], ECF No. 8, and Defendant the Commissioner of Social Security (the "Commissioner"), ECF No. 16.  Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of her claims for Social Security Income ("SSI") under Title XVI, and Disability Insurance Benefits ("DIB") under Title II, of the Social Security Act (the "Act").  *See* ECF No. 8 at 1–2.

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first name and last initial.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 1

Having considered the parties' briefs[2], the administrative record, and the applicable law, the Court is fully informed. For the reasons set forth below, the Court denies judgment for Plaintiff and directs entry of judgment in favor of the Commissioner.

## BACKGROUND

### General Context

Plaintiff applied for SSI and DIB on approximately May 8, 2020, alleging disability onset on April 22, 2019. Administrative Record ("AR")[3] 240–65. Plaintiff was 29 years old on the alleged disability onset date and asserted that she was unable to work due to: fibromyalgia, bipolar disorder, post-traumatic stress disorder, depression, generalized anxiety disorder, chronic back and neck pain, post-concussive syndrome, insomnia, and treatment-resistant migraines. AR 280–84. Plaintiff's claims proceeded to a telephonic hearing before Administrative Law Judge ("ALJ") Marie Palachuk on January 27, 2022. AR 55–79. Plaintiff was present and unrepresented. AR 57. The ALJ heard from vocational expert ("VE")

---

[2] The Court notes that Plaintiff did not file any reply. Failure to comply with the filing deadlines set by Local Civil Rule 7 "may be deemed consent to the entry of an order adverse to the party who violates these rules." LCivR7(e); *see also* Fed. R. Civ. P. 56(e) ("If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.").

[3] The Administrative Record is filed at ECF No. 6.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 2

Daniel McKinney and from Plaintiff.  AR 60–78.  ALJ Palachuk issued an

unfavorable decision on February 22, 2022.  AR 27–40.

### ALJ's Decision

Applying the five-step evaluation process, ALJ Palachuk found:

**Step one:** Plaintiff meets the insured status requirements of the Act through

December 2024.  AR 30.  Plaintiff has not engaged in substantial gainful activity

("SGA") since April 22, 2019, the alleged onset date.  AR 30 (citing 20 C.F.R. §§

404.1571 *et seq.*, 416.971 *et seq.*).  The ALJ memorialized that "[a]lthough the

claimant's certified earnings record is indicative of work activity throughout

calendar year 2019, she has consistently reported that she stopped working in April

2019."  AR 30.

**Step two:** Plaintiff has the following severe impairments: fibromyalgia,

neck/back strain status post 2006 motor vehicle accident, post-concussive syndrome,

migraines, bipolar disorder, borderline personality disorder, and an eating disorder.

AR 30.  The ALJ found that all other impairments mentioned in Plaintiff's medical

record, such as degenerative changes of the lumbar spine and post-traumatic stress

disorder, are at most non-severe.  AR 30.  The ALJ further memorialized that she

considered all medically-determinable impairments, whether severe or non-severe,

in determining Plaintiff's residual functional capacity.  AR 30 (citing 20 C.F.R. §§

404.1520(e), 404.1545, 416.920(e), and 416.945; Social Security Ruling ("SSR")

96-8p).

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 3

1    **Step three:** Plaintiff does not have an impairment, or combination of

2    impairments, that meets or medically equals the severity of one of the listed

3    impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§

4    404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).  AR 30.  The

5    ALJ memorialized that she considered, singly, in combination, and in light of SSR

6    12-2p for evaluation of fibromyalgia, listings 1.15 (disorders of the skeletal spine

7    resulting in compromise of a nerve root(s)); 1.18 (abnormality of a major joint(s) in

8    any extremity); 11.18 (traumatic brain injury); "or, as directed by SSR 19-4p for

9    evaluating cases involving primary headache disorders"; and 11.02B or 11.02D

10    (dyscognitive seizures).  AR 30–31.  The ALJ applied each physical listing to

11    Plaintiff and cited to the record in concluding that Plaintiff's limitations do not

12    satisfy the criteria for any of the listings considered.  AR 30–31.

13    With respect to Plaintiff's mental impairments, the ALJ memorialized that she

14    considered listings 12.04 (depressive, bipolar, and related disorders); 12.08

15    (personality and impulse-control disorders); or 12.13 (eating disorders) and whether

16    Plaintiff's impairments satisfy either the paragraph A or B criteria and found that the

17    evidence does not satisfy the criteria.  AR 31.  Specifically, the ALJ concluded that

18    Plaintiff has a mild limitation in remembering or applying information and a

19    moderate limitation in: interacting with others; concentrating, persisting, or

20    maintaining pace; and adapting or managing oneself.  AR 31–32.  The ALJ further

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 4

noted that she considered whether "paragraph C" criteria are satisfied and concluded that those criteria are not present in this case.  AR 32.

**Residual Functional Capacity ("RFC"):** The ALJ concluded that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following restrictions:

> [P]ostural activities can be performed frequently, but climbing of stairs, ladders, ropes, and scaffolds, can only be performed occasionally. She is able to understand, remember, and carry out simple, routine tasks, but not complex tasks. She can maintain concentration, persistence, and pace on simple, routine tasks for the intervals required between regularly-scheduled breaks. She needs to be in a predictable environment with seldom change and can have no fast-paced production rate of work. She can have no interaction with the public and only occasional, superficial interaction with coworkers.

AR 33.

In formulating Plaintiff's RFC, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  AR 34.

**Step four:** The ALJ found that Plaintiff is unable to perform any past relevant work.  AR 38 (citing 20 C.F.R. §§ 404.1565 and 416.965).

**Step five:** The ALJ found that Plaintiff has at least a high school education and was 29 years old, which is defined as a younger individual (age 18-49), on the

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 5

alleged disability onset date.  AR 38–39.  The ALJ found that transferability of job

skills is not material to the determination of disability because "using the Medical-

Vocational Rules as a framework supports a finding that [Plaintiff] is 'not disabled,'

whether or not [Plaintiff] has transferable job skills."  AR 39 (citing SSR 82-41 and

20 C.F.R. Part 404, Subpart P, Appendix 2).  Rather, the ALJ found that given

Plaintiff's age, education, work experience, and RFC, there are jobs that exist in the

national economy that Plaintiff can perform.  AR 39 (citing 20 C.F.R. §§ 404.1569,

404.1569a, 416.969, and 416.969a).  Specifically, the ALJ recounted that the VE

identified the following representative occupations that Plaintiff could have

performed with the RFC: marker (light, unskilled, with around 130,000 jobs

nationally); routing clerk (light, unskilled, with around 106,000 jobs nationally); and

collator operator (light, unskilled work, with around 40,000 jobs nationally).  AR 39.

The ALJ concluded that Plaintiff has not been under a disability within the meaning

of the Act from the alleged onset date of April 22, 2019, through the date last

insured.  AR 40 (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

Through counsel, Rory J. Linerud, Plaintiff sought review of the ALJ's

decision in this Court.  ECF No. 1.

## LEGAL STANDARD

### *Standard of Review*

Congress has provided a limited scope of judicial review of the

Commissioner's decision. 42 U.S.C. § 405(g).  A court may set aside the

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 6

Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or

nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Definition of Disability*

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last, for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act also provides that a claimant shall be determined to be under a disability only if the impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### *Sequential Evaluation Process*

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R §§ 404.1520, 416.920. Step one determines if they are engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 8

1    If the claimant is not engaged in substantial gainful activities, the decision

2    maker proceeds to step two and determines whether the claimant has a medically

3    severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii),

4    416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination

5    of impairments, the disability claim is denied.

6    If the impairment is severe, the evaluation proceeds to the third step, which

7    compares the claimant's impairment with listed impairments acknowledged by the

8    Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. §§

9    404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If

10   the impairment meets or equals one of the listed impairments, the claimant is

11   conclusively presumed to be disabled.

12   If the impairment is not one conclusively presumed to be disabling, the

13   evaluation proceeds to the fourth step, which determines whether the impairment

14   prevents the claimant from performing work that they have performed in the past.  If

15   the claimant can perform their previous work, the claimant is not disabled.  20

16   C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, the claimant's RFC

17   assessment is considered.

18   If the claimant cannot perform this work, the fifth and final step in the process

19   determines whether the claimant is able to perform other work in the national

20   economy considering their RFC, age, education, and past work experience.  20

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 9

C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents them from engaging in their previous occupation. *Meanel*, 172 F.3d at 1113. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

Plaintiff raises the following issue regarding the ALJ's decision:

1.  Did the ALJ erroneously formulate Plaintiff's mental RFC by disregarding the assessment of a physician whose opinion the ALJ found persuasive?

### *RFC*

Plaintiff argues that the RFC that the ALJ formulated for Plaintiff "failed to establish limitations that were accepted by the ALJ to be persuasively established by state-agency physician John Gilbert, PhD." ECF No. 8 at 5. Plaintiff asserts that Dr. Gilbert opined that Plaintiff could adapt to only "routine" or "small" changes. *Id.* (citing AR 92). Plaintiff added that the other state-agency physician Kent Reade,

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 10

PhD, also opined that Plaintiff was restricted to "work that does not change frequently." *Id.* (citing AR 132). Plaintiff argues that despite finding the opinions of Drs. Gilbert and Reade persuasive, the ALJ "inexplicably" omitted Dr. Gilbert's restriction to "routine" or "small changes" from the RFC and instead only limited Plaintiff to a work environment with "seldom change." *Id.* at 5–6 (citing AR 33). Plaintiff further faults the ALJ for not explaining how the RFC addressed changes in Plaintiff's work environment. *Id.* at 10. Moreover, Plaintiff argues that the ALJ's unexplained RFC does not meet the requirements of SSR 96-8p, which requires the ALJ to: "(1) include a narrative discussion of how the evidence supports each conclusion and cite specific medical facts and non-medical evidence; (2) assess the individual's ability to perform sustained work activities in a work setting on a regular and continuing basis; and (3) describe the maximum amount of each activity the person can perform." *Id.* at 11.

The Commissioner responds, first, that an ALJ is not required to adopt every individual assessment contained within a medical opinion that the ALJ finds persuasive, asserting that "the inquiry is whether the opinions or findings are *persuasive*, not binding," and medical evaluations are just one part of the record that the ALJ considers in formulating the RFC. ECF No. 16 at 5–6 (emphasis in original) (citing 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3)). The Commissioner adds that the regulations specifically provide that the Commissioner "'will not defer or give any specific evidentiary weight, including controlling weight, to any medical

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 11

opinion(s) or prior administrative finding(s)[.]'"  *Id.* at 6 (quoting 20 C.F.R. §§ 404.1520c(a)(3), 416.920c(a)(3)).

Second, the Commissioner contends that the assessment that Plaintiff can adapt to routine or small changes is not inconsistent with the later assessment that Plaintiff requires work that does not change frequently.  ECF No. 16 at 7 (citing AR 92, 107, 120, and 132).  Therefore, the Commissioner argues, there was no conflict for the ALJ to resolve pursuant to SSR 96-8.  *Id.*

Third, the Commissioner argues that the RFC "arguably *does* incorporate a restriction to only routine or small changes, as the ALJ specified Plaintiff work in a 'predictable environment.'"  ECF No. 16 at 7 (citing AR 33) (emphasis in original).  The Commissioner underlines that Plaintiff concedes that the ALJ incorporated the restriction to work that does not change frequently with the RFC's restriction to work in an environment "with seldom change."  *Id.* (citing AR 33).

Fourth, the Commissioner argues that the ALJ cited to "ample evidence" to support the limitations related to change assessed in the RFC.  ECF No. 16 at 7–8.  Specifically, the Commissioner recites the evidence supporting that "Plaintiff took on and completed activities involving significant changes—caring for her child more, having another child, and attending schooling—but changes that occurred infrequently."  *Id.* 8–9 (citing AR 35–36, 38, 511, 651, 708, 760, and 771–72).

An RFC that does not take account of a claimant's limitations is defective.  *Valentine v. Comm'r Soc. Sec. Admin.* 574 F.3d 685, 690 (9th Cir. 2009).  An RFC

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 12

assessment must "[c]ontain a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of pain and other symptoms and the adjudicator's personal observations, if appropriate."  SSR 96-8p, 1996 SSR LEXIS 5, 61 Fed. Reg. at 34478.  If the RFC conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. *See* SSR 96-8p.

However, to the extent that the evidence could be interpreted differently, it is the ALJ's role to resolve conflicts and ambiguity in the evidence. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599–600 (9th Cir. 1999).  The ALJ, not a medical source, is responsible for determining a plaintiff's RFC.  20 C.F.R. §§ 404.1546(c), 416.946(c); *Rounds v. Comm'r Soc. Sec Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (noting that "the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC").  The ALJ's findings, as articulated in the RFC, are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation.  *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

In formulating Plaintiff's RFC, the ALJ considered prior administrative medical findings regarding Plaintiff's mental functioning, including an opinion from state agency psychological consultant Dr. Gilbert at the initial level and from state

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 13

1   agency psychological consultant Dr. Reade at the reconsideration level.  AR 38.  The

2   ALJ noted that among other findings, Dr. Gilbert found that Plaintiff would be able

3   to adapt to only routine or small changes.  AR 38 (citing AR 92).  The ALJ also

4   noted that Dr. Reade "largely concurred" with Dr. Gilbert's prior findings except

5   that Dr. Reade further found that Plaintiff requires a work environment that does not

6   change frequently.  AR 38 (citing AR 118–21).  The ALJ found Dr. Gilbert's and

7   Dr. Reade's overall opinions persuasive for being consistent with Plaintiff's

8   longitudinal record as it relates to Plaintiff's mental functioning.  AR 38.

9   Nonetheless, the ALJ did not include a restriction using the term "routine or small

10  changes" in the RFC and instead limited Plaintiff to working in a "predictable

11  environment with seldom change" in which Plaintiff "can have no fast-paced

12  production rate of work."  AR 33.

13          There is no dispute that the ALJ discussed and considered the persuasiveness

14  of Dr. Gilbert's and Dr. Reade's opinions, as required.  *See* SSR 96-8p.  Moreover,

15  as the Commissioner contends, the ALJ's restriction of Plaintiff to a predictable

16  work environment with seldom change can be read as a rational interpretation of Dr.

17  Gilbert's and Dr. Reade's combined assessments that Plaintiff can manage routine or

18  small changes but requires work that does not change frequently.  *See* AR 32–33.

19  Plaintiff cites to no authority requiring the ALJ to adopt the "routine or small

20  changes" restriction verbatim and provides no support for this Court to find that the

21  ALJ's interpretation of Dr. Gilbert's and Dr. Reade's assessments was not rational.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 14

*See* ECF No. 8.  Therefore, the Court defers to the ALJ's interpretation of the medical source opinions at issue and the formulation of the RFC.  *See Burch*, 400 F.3d at 679.  In addition, the Court agrees with the Commissioner that the ALJ relied on substantial evidence of Plaintiff's capacity to manage significant but infrequent changes in her life.  *See* AR 35–36, 38, 511, 651, 708, 760, and 771–72.  As Plaintiff has not shown that the ALJ erred in assessing her RFC, and the RFC is based on substantial evidence, the Court finds no basis for remand of Plaintiff's claims.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Opening Brief, **ECF No. 8**, is **DENIED**.

2.  Defendant the Commissioner's Brief, **ECF No. 16**, is **GRANTED**.

4.  Judgment shall be entered for Defendant.

5.  The District Court Clerk shall amend the docket in this matter to substitute Martin O'Malley as the Commissioner of the Social Security Administration.

/ / /

/ / /

/ / /

/ / /

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 15

1    **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

2 Order, enter judgment as directed, provide copies to counsel, and **close the file** in

3 this case.

4    **DATED** March 27, 2024.

5

6                                        *s/ Rosanna Malouf Peterson*
                                         ROSANNA MALOUF PETERSON
                                         Senior United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 16